# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MIDFIRST BANK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:11-CV-183 (MTT) |
| STOSH LEKET CURTIS and JUDY MOODY, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

This matter is before the Court on the Defendants' Notice of Removal. (Doc. 1). The Defendants are attempting to remove an action filed in the State Court of DeKalb County. According to 28 U.S.C. § 1441, a defendant may remove a case filed against him only "to the district court of the United States for the district and division embracing the place where such action is pending." Here, the Defendants should have removed this action to the Northern District of Georgia.

However, the Northern District of Georgia does not have jurisdiction over this action either. The Northern District of Georgia has already remanded this action to the State Court of DeKalb County for lack of subject matter jurisdiction because it is a state law dispossessory action. *Midfirst Bank v. Moody*, 1:11-CV-790 (TWT) (Doc. 8). Pursuant to 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise" unless the case was removed pursuant to 28 U.S.C. § 1443, the civil rights provision. "Unquestionably, § 1447(d) not only forecloses appellate review, but also bars reconsideration by the

district court of its own remand order." *Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 330 (11th Cir. 1992) (citation omitted). "Because a second removal on the same grounds is, in essence, a request for review of a remand order by a district court, such removal 'does not reinvest the court's jurisdiction.'" *De La Sancha v. Taco Bell of Am., Inc.*, 2008 WL 5111331, at *2 (S.D. Fla. 2008) (quoting *Seedman v. United States District Court for the Central District of Florida,* 837 F.2d 413, 414 (9th Cir.1988)).

Here, the Defendants purport to remove the action pursuant to the civil rights provision, but the Magistrate Judge already informed the Defendants that federal jurisdiction is based upon the face of the Plaintiff's complaint. Because this action arose out of property dispossession, and not a denial of or prosecution for the exercise of civil rights, it may not be reconsidered.

Accordingly, because the Northern District of Georgia has already remanded this dispossessory action for lack of subject matter jurisdiction and the removal is based upon the same grounds, this action is **REMANDED** to the State Court of DeKalb County.

**SO ORDERED**, this the 1st day of June, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT